## GREEN v. BOUNDS.

[72 South. 1001.]

1. SET-OFF AND COUNTERCLAIM. *Application of firm assets. Agreement. Pleading. Designation of pleading.*

Where appellant and his brother were equally interested in a lot of logs and sold and delivered them to appellee under an agreement assented to by all parties interested therein, that one-half of the proceeds thereof should be retained by appellee, the buyer, and applied to the payment of the account due him by appellant, if he failed to. so apply these payments, he and not appellants must suffer therefor.

2. PLEADING. *Designation of pleading.*

The character of complaint or defense is not determined by what it is styled in the pleadings, but by what it in fact is.

APPEAL from the circuit court of Green county.
HON. J. L. BUCKLEY, Judge.

Suit by J. Bounds against B. E. Green. From a judgment for the plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. W. Backstrom,* for appellant.

The testimony of the appellant is that appellee Bounds or his agents or Scalers had notice that these logs were owned jointly by B. E. Green and W. W. Green, and this being the case it was the appellee's duty to apply one-half the logs to appellant's account. It might be argued that appellee had no such notice, but this cannot be availed of, for the reason the case was decided upon a peremptory instruction, and I take it, that it is a well-settled principle of law, that, where a peremptory instruction is given, the losing party is entitled, upon the review of the action of the court, to have all facts in his favor considered as true. *McCaughn* v. *Young,* 37 So. 839. This being true the appellant in this case

has a right to have all facts bearing out his set-off to be taken as true upon the review of this case.

These logs that appellant claims as a set-off, one-half of which was his, may have been sold by the said W. W. Green as his logs, and credited up by J. Bounds to the credit of W. W. Green, and if so was an unlawful conversion of same by the said W. W. Green and was by him applying partnership property to the payment. of his individual debts, as this court said in the case of *Buck* v. *Mosley and Malory,* 24 Miss. 170.

It seems that from the holding of the court in the above case that the appellant here would have a right to sue the appellee for the value of his one-half interest in the logs delivered, and that being the case he certainly would have the right to use the same as an off-set in an action involving the same subject-matter and between the same parties.

This court also held in the case of *Robinson* v. *Aldridge,* 34 Miss. 352. A partner has no right to bind a firm by executing a note in their name in discharge of his private debt.''

In the case at bar, it is a case where one partner applied the assets of the firm to the payment of his individual indebtedness, and we submit the lower court erred in limiting the set-off to the two hundred and fifty dollars, and not letting the full amount of the set-off go to the jury.

The appellate court of Alabama in the case of *Grossett et al.* v. *Morrow,* 58 So. 799, held in passing upon assets of partnerships. ''One member of a partnership cannot appropriate the assets of the firm by transfering it in satisfaction of or as security for his individual debt, without the authority or consent of the other members of the firm, whether or not the transferee knew that it is partnership property that it so dealt with.'' Citing also *Cannon* v. *Lindsey,* 85 Ala. 198, 3 So. 676; *Cowen* v. *Eartherly Hardware Company,* 95 Ala. 324, 11 So. 195.

In requesting a peremptory instruction the evidence must be taken most strongly against the party asking for the instruction, and for this reason the lower court erred in granting the instruction, and not letting the full amount of the off-set go to the jury.

*White & Ford,* for appellee.

We have read carefully all of the cases cited by appellant. The two cases cited on the proposition involved in this case, we think are in our favor, if they could be in any sense applicable to the question here involved. The substance of appellant's cases is that ''one member of a partnership cannot appropriate the assets of the firm by transferring it in satisfaction of his individual debt.'' Therefore Mr. B. E. Green could not have set-off the entire claim of the partnership against Mr. Bounds. The claim could not be split up and had not been split up. There was no mutuality. Mr. W. W. Green was not a party to the suit. There had been no accounting of the partnership affairs and a stating of an account so far as the record shows. To allow a set-off such as appellant is contending for in this case would open up the way for W. W. Green, after this suit is over, to sue Mr. Bounds and claim that he has never gotten his half and it would be difficult to identify the different halves before the matter was finally closed. We fail to see how this account in favor of Green and Green could be set-off without W. W. Green being a party to the suit in any way.

''A set-off is in the nature of a cross action, and in a joint action by several plaintiffs, their separate debts to the defendant cannot be set off against their joint demand.'' *Walter Denny & Co.* v. *Wheelwright,* 60 Miss. 733.

In the same case it was laid down. ''The several promises of the individual members of a firm to pay a debt cannot, in a joint action by the firm, be set-

off by the defendant against the joint demand of the plaintiffs, although each member of the firm might be liable to the defendant in a separate action against him on his particular promise."

In *Bullard* v. *Dorsey,* 7 S. & M. 9, that "A set-off must be mutual; that is, between the same parties" and further, "In an action by two persons, the defendant cannot set-off a debt due him by one of them," citing Chitty on Contracts, 328.

Certainly therefore when the situation is reversed the same rule of law would apply and when a person is sued by one person he cannot set-off a claim two persons own against the one who sues, especially when the party attempting to set-off the claim does own the entire claim and the interests of the different parties have not been ascertained.

In a suit by two joint payees in a promissory note against the maker, the latter cannot plead as a set-off, a debt due him by one of the plaintiffs. In such a case there is a want of mutuality." *Walker* v. *Hall,* 66 Miss. 391.

"A mutual account is one where there must be reciprocal demands and charges by each party against the other, like accounts between merchants. If the demand is only on one side the account is not mutual." *Hoover Commercial Co.* v. *Humphrey,* 107 Miss. 810.

SMITH, C. J., delivered the opinion of the court.

This is an action by appellee to recover from appellant the sum of five hundred sixty-seven dollars and twelve cents, balance alleged to be due on an account consisting of several items for money loaned. Appellant's claim is that certain credits due him have been omitted from the statement of the account filed with appellee's declaration, and that he, in fact, owes appellee ten dollars and forty cents only. There was a verdict and judgment for appellee in the sum of three hundred forty-one dollars and thirty-nine cents.

The evidence discloses that appellant and his brother, W. W. Green, entered into a contract to sell and deliver logs to appellee. Appellant owned the land from which he and his brother intended to cut the logs, and in order that their contract with appellee might be complied with they entered into an agreement that W. W. Green would, at his own expense, cut and deliver the logs to appellee, and that they, appellant and his brother, would divide the money received therefor from appellee equally between them.

After the delivery to appellee of a portion of the timber covered by this contract, he agreed to advance appellant the sum of eight hundred and fifty dollars, and, according to the evidence introduced in behalf of appellant, it was agreed between them that appellee owed appellant the sum of two hundred and fifty dollars, one-half of the purchase price of the logs theretofore delivered, which amount would be credited by appellee upon the eight hundred and fifty dollars to be advanced to appellant. It was also agreed between them, according to the testimony of appellant, that when logs should be thereafter delivered one-half of the price to be paid therefor should be credited upon the amount due him by appellant. The logs thereafter for the most part were delivered by W. W. Green, who, according to his testimony, instructed appellant or his agent to credit one-half of the money to be paid therefor to himself and one-half to his brother, B. E. Green. Instead of doing this, the entire amount was each time credited to the individual account of W. W. Green, who seems to have obtained from appellee money and supplies sufficient to consume the amounts so-credited to him. He claims, however, to have been unaware that he was being credited with more than his share of the proceeds of the sale of the logs. All of this defensive matter was denied by appellee.

At the conclusion of the evidence the court instructed the jury:

"That under no circumstance in this case can the defendant set off against plaintiff more than two hundred fifty dollars and twenty-four cents, being the amount of the credit which the defendant claims that he had on the books of the plaintiff when he, the defendant, arranged to borrow the eight hundred and fifty dollars from the plaintiff as shown on plaintiff's account."

In the brief of counsel for appellee it is said that the sole question presented by this record is:

"Will the appellant be allowed to set off, in a suit by appellee against him individually, a claim of a partnership composed of appellant and another against appellee?"

As we understand the record, the question presented is not one of set-off, but simply one of payment. If the evidence introduced in behalf of appellant be true, the logs were delivered to appellee under an agreement, assented to by all parties interested therein, that one-half of the proceeds thereof should be retained by appellee and applied to the payment of the account due him by appellant; and if he failed to so apply these payments, he, and not appellant, must suffer therefor.

It is true that in appellant's affidavit denying the correctness of the account sued on and setting up the additional credits to which he claims to be entitled he states "that he is due the following amounts as additional credits and which he claims as set-offs, as follows," etc., but the character of a complaint or defense is not determined by what it is styled in the pleadings, but by what it in fact is.

*Reversed and remanded.*